## SMITH *v.* FRISBIE.

Where a person who is not a judge under the laws of the state, is placed upon the bench to try a cause, against the consent of one of the parties, the proceeding is erroneous, and the judgment must be reversed.

*Appeal from the Fayette District Court.*

MONDAY, APRIL 4.

The appellant assigns as error, that one J. O. Crosby, an attorney at law, presided in the trial of the cause, in the place of Samuel Murdock, the judge of the tenth judicial district, whose duty it was to preside. A bill of exceptions, signed by two members of the bar, certifies that the judge refused to sign the same. By this bill, it appears that the said Crosby was called to the bench to preside, by Samuel Murdock, the judge of the court, who vacated his seat as judge; that the plaintiff read in evidence the contract upon which his action was founded, and was about to introduce a receipt, when the defendant objected to proceeding in the trial further, while said Murdock was absent from his seat on the bench; that the objection was overruled by said Crosby, presiding, and the defendant withdrew, and took no further part in the trial, and the plaintiff was permitted to proceed with his case, and recovered judgment. Another bill of exceptions, purporting to be signed by Murdock, the judge, which is taken to the admission of certain evidence, also says: "The defendant's counsel filed certain objections to one Crosby, and withdrew from the cause, refusing to further appear in the trial." There is also a paper filed, making the objection to said Crosby presiding in the trial, as is suggested in the above bill of exceptions.

*J. T. Clark*, for the appellant.

*H. T. McNulty*, for the appellee.

WOODWARD, J.—The case of *Michales* v. *Hine*, 3 G. Greene, 470, holds, that " whenever it appears from the record, that the duties which belong to the court conducting the trial of a cause, have been attempted to be exercised by any person other than a judge, an error is at once disclosed sufficient to reverse, although the case may be free from error in other respects." And in *Winchester* v. *Ayres*, 4 G. Greene, 104, it is held that even the consent of parties, will not confer the power ; and this case holds section 1797 of the Code to be unconstitutional, in attempting to give this authority.

Without saying whether we could fully concur in this latter doctrine, it is apparent that such substitution cannot be made against the objection of either party, and that if this appear, it is a fatal objection. It is not made to appear clearly at what stage of the case the objection was filed, or first made in any manner, but this is immaterial. At most, they were but entering upon the trial, the plaintiff having offered but one piece of evidence. That a person who was not a judge under the laws of the state, was placed upon the bench to try the cause, against the wishes of one of the parties, is made manifest ; therefore, the proceedings, and the judgment under them, must be reversed.

It is to be hoped that no one, holding the responsible office of judge, would refuse a party a bill of exceptions to show his objection ; and we regret to see the necessity of resorting to a bill signed by third persons, where the facts do not appear to be questioned.

Judgment reversed and cause remanded.